IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEROME ONTARIO DOSTY

Petitioner, 2:10-cv-01602 DAD P

vs.

GARY SWARTHOUT

Respondent.

ORDER AND

FINDINGS & RECOMMENDATIONS

_____________________________/

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a judgment of conviction entered against him on September 15, 2006, in the Sacramento County Superior Court on charges of vehicle theft, receiving a stolen vehicle, felon in possession of a firearm, carrying a concealed weapon, resisting arrest, receiving stolen property, robbery, false imprisonment and burglary. He seeks federal habeas relief on the ground that his sentence violates his rights to due process and a jury trial. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

/////

/////

/////

FACTUAL BACKGROUND

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal[1], the California Court of Appeal for the Third Appellate District provided the following factual summary:

> Most of the charges stem from an incident that occurred in April 2005, in which two assailants gained entrance to the 70-year-old victim's home by ringing her doorbell at 10:15 at night. On entering, the men hit the victim and forced her to the floor. While one of the men held the victim down, the other man ransacked the house. The assailants stole the victim's truck and several other items. One week later, defendant was observed by a sheriff's deputy driving the victim's truck at a high speed, after which he was apprehended while attempting to flee on foot. During the foot pursuit, the defendant appeared to grab something from his waistband, and a loaded, semiautomatic handgun was later discovered in the path where the pursuit had occurred. Items taken from the victim's home during the burglary were located in the truck, and other items were removed from defendant's bedroom in his sister's apartment. When the victim was brought to the scene, she observed that defendant met the description of one of the two intruders in terms of his body type and hair, although she had not seen his face at the time of the offense.
>
> In a separate incident in March 2005, numerous items were removed from a house owned by a different victim. A rear window of the house had been broken and was the suspected point of entry into the residence. Latent fingerprints from the window were determined to belong to defendant, whom the victim did not know and had not given permission to enter the residence.

(Opinion at 2-3)

ANALYSIS

I. Standard of Review Applicable to Habeas Corpus Claims

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S.___, ___, 131 S. Ct.

---

[1] Notice of Lodging Documents on May 25, 2012 (Doc. No. 10), Resp't's Lod. Doc. [4] (hereinafter Opinion).

13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the state court decision. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Nonetheless, "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2]

---

[2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 412. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S.___,___,131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington,131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en

banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Harrington, 131 S. Ct. at 784.

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

II. Petitioner's Claim

Petitioner claims that he was sentenced to the upper term under state law of eight years and eight months in prison in violation of his Sixth Amendment right to a jury trial and his Fourteenth Amendment right to due process because that sentence was based on facts neither admitted by him nor found by a jury to be true beyond a reasonable doubt. (Doc. 1 at 3.) Specifically, petitioner summarizes his claim for federal habeas relief as follows:

/////

> The trial court used aggravating factors not found true beyond a reasonable doubt. Except for a prior conviction, any fact that increases the penalty beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. The DSL [California's Determinate Sentencing Law], by placing sentence elevating fact-finding within the judge's province, violates petitioner's right to trial by jury.

(Id.)

The California Court of Appeal for the Third Appellate District rejected petitioner's challenge to his sentence on appeal, reasoning as follows:

> Defendant argues the upper term sentence imposed on his conviction for robbery violated the holding in *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403] (*Blakely*) and *Cunningham v. California* (2007) 549 U.S. 270 [166 L.Ed.2d 856]. We disagree.
>
> In *Blakely*, *supra*, 542 U.S. at p. 301, the United States Supreme Court held that any circumstance "'other than the fact of a prior conviction'" that is relied on by a trial court to increase the penalty for a crime beyond the statutory maximum must be tried before a jury and proved beyond a reasonable doubt. The California Supreme Court held that the exception to the jury trial requirement for prior convictions "include[s] not only the fact that a prior occurred, but also other related issues that may be determined by examining the records of the prior convictions." (*People v. Black* (2007) 41 Cal.4th 799, 819.)
>
> Thus, "the right to a jury trial does not apply to the determination of the aggravating circumstance that '[t]he defendant's prior convictions . . . are numerous or of increasing seriousness'" (*People v. Towne* (2008) 44 Cal.4th 63, 75, citing *People v. Black*, *supra,* 41 Cal.4th at pp. 818-820), or to whether "a defendant was on probation or parole at the time of the offense." (*People v. Towne*, *supra,* at p. 79.) Likewise, "[w]hen a defendant's prior unsatisfactory performance on probation or parole is established by his or her record of prior convictions," a jury trial on the issue is not required to establish this as a factor in aggravation. (*People v. Towne*, *supra,* at p. 82.)
>
> [I]mposition of the upper term does not infringe upon the defendant's constitutional right to jury trial so long as one legally sufficient aggravating circumstance has been found to exist by the jury, has been admitted by the defendant, or is justified based upon the defendant's record of prior convictions." (*People v. Black, supra,* 41 Cal.4th at p. 816.) This is so because "[u]nder California's circumstance is legally sufficient to make [a] defendant eligible for the upper term. [Citation.] Therefore, if one

> aggravating circumstance has been established in accordance with the constitutional requirements set forth in *Blakely,* the defendant is not 'legally entitled' to the middle term sentence, and the upper term sentence is the 'statutory maximum.'" (*People v. Black, supra,* at p. 813, fn. omitted.)
>
> In the present matter, the trial court cited several factors in aggravation in support of its imposition of the upper term, including defendant's numerous prior convictions of increasing seriousness, the fact that he was on probation at the time of the offense, and his prior unsatisfactory performance on probation. A review of defendant's criminal record as disclosed in the probation report supports these factors.
>
> Defendant does not contend the evidence was insufficient to support any of these factors but urges that *People v. Black* was incorrectly decided. He acknowledges we are bound by the California Supreme Court's holding (see *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455), and on this point we agree. Accordingly, we reject defendant's claim.

(Opinion at 10-12)

A criminal defendant is entitled to a trial by jury and to have every element necessary to sustain his conviction proven by the state beyond a reasonable doubt. U.S. Const. Amends. V, VI, XIV. In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires any fact other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum" to be "submitted to a jury and proved beyond a reasonable doubt." In Blakely v. Washington, 542 U.S. 296, 303-04 (2004), the Supreme Court decided that a defendant in a criminal case is entitled to have a jury determine beyond a reasonable doubt any fact that increases the statutory maximum sentence, unless the fact was admitted by the defendant or was based on a prior conviction. In Blakely, the Supreme Court also clarified the definition of "statutory maximum" for purposes of this constitutional rule: "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." Id. In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court applied Blakely to the Federal Sentencing Guidelines. The

court in Booker again clarified that "'the statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at 232.

Subsequent to the decision in Blakely, the California Supreme Court decided People v. Black, 35 Cal.4th 1238 (2005) (Black I). There, the court rejected the Apprendi/Blakely Sixth Amendment challenge to California's Determinate Sentencing Law (DSL) posed in that case. The California Supreme Court held that the discretion afforded to a sentencing judge in choosing a lower, middle or upper term in a DSL case rendered the upper term under California law the "statutory maximum" within the contemplation of Apprendi and Blakely. 35 Cal.4th at 1257-61, cert. granted and judgment vacated, 549 U.S. 1190 (2007). Subsequently, the United States Supreme Court decided Cunningham v. California, 549 U.S. 270 (2007). Citing its decisions in Apprendi and Blakely, the Supreme Court in Cunningham held that California's DSL violated a defendant's right to a jury trial to the extent it permitted a trial court to impose an upper term sentence rather than the then-presumptive middle term based on facts found by the court rather than by a jury. The Supreme Court also determined that the middle term under the DSL is the maximum term that may be imposed on the basis of the jury's verdict alone. Id. at 288. The Ninth Circuit has subsequently held that the decision in Cunningham may be applied retroactively on collateral review. Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008).

The California Legislature amended the DSL by urgency legislation in response to the Cunningham decision. People v. Sandoval, 41 Cal.4th 825, 836 n.2 (2007). Those amendments, which became effective March 30, 2007, adopted "Cunningham's suggestion that California could comply with the federal jury-trial constitutional guarantee while still retaining determinate sentencing, by allowing trial judges broad discretion in selecting a term within a statutory range, thereby eliminating the requirement of a judge-found factual finding to impose an upper term." People v. Wilson, 164 Cal. App.4th 988, 992 (2008). The amendments to

California's DSL allow the state trial court broad discretion under California Penal Code § 1170(b) to select among the lower, middle, and upper terms specified by the statute without stating the ultimate facts deemed to be aggravating or mitigating and without weighing the aggravating and mitigating factors. Sandoval, 41 Cal.4th at 847.[3] Thus, as of March 30, 2007, in California the "trial court is free to base an upper term sentence upon any aggravating circumstance that the court deems significant, subject to specific prohibitions." Id. at 848. Moreover, California trial courts can constitutionally apply the amended version of the DSL to all sentences imposed after the effective date of the amendments, even if the offense was committed prior to the effective date. Id. at 845-857.

In this case, the record reflects that the trial court imposed an upper term sentence based on petitioner's prior convictions, the increasingly serious nature of his crimes, and petitioner's failure to adhere to the terms of probation imposed as a result of those convictions. (3RT 686-9, 697-701.)[4] Neither petitioner nor an independent review of the record suggest any other factors contemplated by the sentencing court. (3RT 685-708).

The United States and California Supreme Courts have held that the prior conviction exception to the Apprendi jury requirement extends to "the fact of a prior conviction"

/////

/////

/////

/////

[3] As amended, California Penal Code § 1170 (b) now provides in pertinent part: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court . . . . The court shall select the term which, in the court's discretion, best serves the interests of justice. The court shall set forth on the record the reasons for imposing the term selected . . . ."

[4] Volume Three of the Reporter's Transcript lodged with this court is unpaginated beyond that marked "684-5." This court has referred to the following page as "685" and proceeds accordingly.

Blakely, 542 U.S. at 303-04[5] and to "other related issues that may be determined by examining the records of the prior convictions" (People v. Black, 41 Cal. 4th 799, 819 (2007) (Black II). Instructive in this regard is the following statement of the law post-Cunningham offered by the California Supreme Court:

> Both we and the United States Supreme Court have confirmed that the "prior conviction" exception extends beyond the bare "fact" that such a conviction occurred, and permits the sentencing court, without a jury, to determine related issues about a prior conviction's relevance to the recidivist sentencing scheme, when those issues primarily involve either legal questions of a kind typically decided by judges, or factual matters that may be conclusively determined by examination of the official court record in the prior case. (See, e.g., *Shephard v. United States*, 544 U.S. 13, 16 (2005) (sentencing court may examine statutory definition of prior charge, as well as official court records in prior case that conclusively establish elements therein adjudicated, to determine if nature of prior conviction qualifies it as basis for increasing current sentence); *People v. McGee* (2006) 38 Cal. 4th 682-708-709 (under *Apprendi*, sentencing court, not jury, determines from court records in prior case whether it qualifies for use under recidivist sentencing scheme); *People v. Black* (2007) 41 Cal. 4th 799, 818-820 (court, not jury, decides from court records whether prior convictions are numerous and of increasing seriousness); *People v. Towne* (2008) 44 Cal. 4th 63, 72-83 (court, not jury, may determine from records of prior convictions whether defendant served prior prison terms, committed the current offense while on parole, or has performed poorly on parole or probation).)

People v. Nguyen, 46 Cal. 4th 1007, 1018 (2009).

Many courts decline to limit the prior conviction exception to the mere fact of a prior conviction itself and agree that a sentencing judge may make factual findings on a variety of issues related to recidivism. See People v. Towne 44 Cal. 4th 63, 77 (2008) (citations omitted).

---

[5] In Almendarez-Torres v. United States, 523 U.S. 224, 239-47 (1998), the Supreme Court held that the fact of a prior conviction need not be determined by a jury before a sentencing court may use that conviction as the basis for a sentencing enhancement. Rather, prior convictions may be found by the sentencing judge based on a preponderance of evidence. Id. at 239-47. The requirement announced in Cunningham and Apprendi that aggravating factors used to increase a sentence beyond the statutory maximum must be found by the jury beyond a reasonable doubt, specifically does not apply to the fact of a prior conviction. Cunningham, 549 U.S. at 288; Blakely, 542 U.S. at 301; Apprendi, 530 U.S. at 488; see also United States v. Medina-Villa, 567 F.3d 507, 520 (9th Cir. 2009) ("Almendarez-Torres remains good law").

However, the Ninth Circuit has defined a boundary in this regard, holding that the fact of being on probation at the time of the commission of the crime in question does not fall within the prior conviction exception. Butler v. Curry, 528 F.3d 624, 643 (9th Cir. 2008). In Butler, the fact that the defendant was on probation at the moment the crime in question was committed was held not directly reflected in the documents of his prior conviction since, according to the Ninth Circuit, it could not be conclusively inferred therefrom because under California law trial judges retain authority to modify probation terms at any time.

The record in this case suggests the trial court's remarks at sentencing regarding petitioner's probationary status at the time he committed the crimes for which he was being sentenced were based on the same sort of inferential examination of court records rejected by the Ninth Circuit in Butler. In particular this court notes that at the time of sentencing the state trial court commented "[T]hat is the matter that I inquired of the clerk in connection with the court file earlier, because [defendant] was on probation for that felony matter when he committed the offenses for which he was convicted here." (3RT 687-8). Nonetheless, for the reasons explained below it is unnecessary to resolve that question here.

As the California Supreme Court held in Black II, "under the DSL the presence of one aggravating circumstance renders it lawful for the trial court to impose the upper term sentence. . . . As long as a single aggravating circumstance . . . has been established in accordance with the requirements of Apprendi and its progeny, any additional fact finding engaged in by the trial court in selecting the appropriate sentence . . . does not violate the defendant's right to a jury trial." Black II, 41 Cal. 4th at 812, 815. The Ninth Circuit has accepted this proposition stating as follows:

> We are bound to accept a state court's interpretation of state law, except in the highly unusual case in which the "interpretation is clearly untenable and amounts to a subterfuge to avoid federal review" . . . The California Supreme Court's interpretation of the DSL is not so inconsistent with prior case law or the statute itself as to suggest that it is merely a subterfuge. Before Black II, the California courts had frequently held that only a single aggravating

> factor is required to support an upper term sentence . . . . [I]f at least one of the aggravating factors on which the judge relied in sentencing . . . was established in a manner consistent with the Sixth Amendment, [the] sentence does not violate the Constitution.

Butler, 528 F.3d at 642 (internal citations omitted).

Consideration of a prior conviction is the essence of the exception to the rule announced in Apprendi even when that rule is construed in its narrowest terms. As long as a single aggravating circumstance relied upon by the sentencing court comports with the requirements of Apprendi, it is of no consequence to the determination of this petition that the sentencing court also enumerated aggravating factors which could not properly be relied upon. Butler, 528 F.3d at 642; Kessee v. Mendoza-Powers, 574 F.3d 675, 676 n.1 (9th Cir. 2009); Moore v. Evans, No. 2:09-cv-2737-JFM (HC), 2010 WL 4290080, at *9 (E.D. Cal. Oct. 22, 2010); Armstrong v. Small, No. CV 07-1101 RGK (FMO), 2009 WL 863351, at *17 (C.D. Cal. Mar. 30, 2009); see also People v. Black, 41 Cal.4th 799 (2007); People v. Osband, 13 Cal. 4th 622, 728 (1996). That is, only one aggravating factor is necessary to set the upper term as the "statutory maximum" for Apprendi and Blakely purposes as long as it is established in accordance with the constitutional requirements set forth in Blakely. Black, 41 Cal.4th at 812. .

Here, at the time of petitioner's sentencing, the trial court did list four aggravating factors which it then weighed against the factors in mitigation. However, listed foremost in aggravation by the sentencing court was the simple fact of petitioner's numerous prior adult convictions. (3RT 687). That aggravating factors on which the sentencing court relied was established in a manner consistent with the Sixth Amendment and therefore the sentence imposed did not violate petitioner's constitutional rights. See Moore v. Hedgpeth, No. C 09-1634 RS (PR), 2012 WL 1745542, at *12 (N.D. Cal. May 16, 2012) (denying relief with respect to substantially similar claim); Perry v. Cates, 2012 WL 2379635, at *5 (C.D. Cal. May 9, 2012) ("In imposing the upper term sentence, the trial court cited the fact that Petitioner had numerous prior convictions. As that finding was permissible in light of Apprendi and Cunningham, the

resulting sentence did not violate the Constitution) (citing Butler, 528 F.3d at 648). Under the circumstances presented here, the state court's rejection of petitioner's Sixth Amendment claim was neither contrary to nor an unreasonable application of clearly established federal law. Petitioner is not entitled to federal habeas relief with respect to his Sixth and Fourteenth Amendment challenges to the sentence imposed in his case.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: June 29, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:an
Dosty1602.hc